**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Bridgette Allen<br>Plaintiffs | CIVIL ACTION NO.: |
| | JUDGE: |
| VERSUS | MAGISTRATE: |
| Lowe's Companies, Inc.          .<br>Defendant | MAGISTRATE NO.: N/A |
| | JURISDICTION: Diversity 28 U.S.C. 1332 |

---

**COMPLAINT FOR DAMAGES**

---

JURISDICTON AND VENUE:

Plaintiff, Bridgette Allen, is a person of full age and majority domiciled in Crosby, Texas. The underlying incident occurred in Baytown, Texas, which is within the territorial bounds of the Southern District of Texas. First named Defendant is Lowe's Companies, Inc. who upon information and belief is a foreign insurance company authorized to do and doing business within the jurisdictional bounds of this court including but not limited to the Chambers County Texas, who at all times mentioned herein issued a policy or policies of insurance coverage which covered the Bridgette Allen for the damages complained of herein.  The exact terms of said policy are currently unknown to Plaintiff and best known to Defendant and are plead herein as if copied in extenso. Lowe's Companies, Inc. agent for service of process: registered agent corporation service company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701.  Furthermore, the amount in controversy as to each party in this matter exceeds the jurisdictional limits of this Honorable Court of $75,000.00.

Consequently, jurisdiction of this Honorable Court is proper.  By virtue of the existence of diverse parties, this Honorable Court has subject matter jurisdiction over this claim as follows: Plaintiff alleges acts of negligence against defendant pursuant to 28 U.S.C., 1332, diversity of citizenship of the parties.

### COUNT 1 - CAUSE OF ACTION:

All of the aforementioned defendant and all of its partners, parent companies and subsidiaries are jointly, severally and in solido liable unto plaintiff for a reasonable sum in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings for the following reasons to wit:

On or about October 1, 2015, at approximately 5:00 p.m., Plaintiff, Bridgette Allen was a was a lawful invitee patron in the Lowe's Companies, Inc. located a 5002 Garth Road, Baytown, Texas 77521 when an employee cashier suddenly unexpectedly and without warning moved a shopping cart containing long-standing two by fours directly behind plaintiff which then fell violently striking Plaintiff Bridgette Allen atop the head knocking her temporarily unconscious.

**2.**

Lowe's Companies, Inc. owed a duty of reasonable care to its invitees.  Because the staff of Lowe's Companies, Inc. store located a 5002 Garth Road, Baytown, Texas 77521 were aware of the presence of the Petitioners/shoppers on its premises for the mutual benefit of both the Petitioners and the store owners, Petitioner was, by definition, an invitee.  As such, Defendant, Lowe's Companies, Inc. owed Petitioner the duty of reasonable care.  Defendant, Lowe's Companies, Inc. duty of reasonable care was breached when they failed to foresee the danger that moving the shopping cart containing erect two by fours and subsequent falling two by fours would pose to its invitees standing within striking distance.

**3.**

The Defendant's employee acting within the course and scope of employment as cashier should have known not to move the shopping cart with the erect two by fours while Plaintiff was standing in front of it with her back turned thereby constituting failure on the part of Defendant, Lowe's Companies, Inc. to act with ordinary care.

**4.**

Defendant, Lowe's Companies, Inc. is liable unto Petitioner for their own negligence, the negligence of their employees, which includes but is not limited to the following:

a. Failure to take the necessary precautions to avoid the incident made the basis of this litigation even after they knew or should have known;

b. Failure to exercise reasonable vigilance;

c. Failure to properly train and educate employees;

d. Negligent hiring and retention of incompetent employees;

e. Failure to maintain things in their care, custody, and control;

f. Any and all other acts of negligence, which might be shown at the time of this trial.

**5.**

As a result of the aforementioned negligence, Petitioner Bridgette Allen was violently struck on her head breaking her neck and seriously injuring her cervical spine resulting in cartilage damage, pain, and reduced mobility and permeant partial disability.  These injuries were proximately caused by negligence of the Defendants in not exercising ordinary care toward a foreseeably dangerous condition resulting in extensive past present and future medical treatment totaling approximately $145,832.43.  As result of the aforementioned accident made basis of this lawsuit Petitioners, Bridgette Allen has been recommended for invasive cervical

surgery specifically Anterior Cervical Discectomy With Fusion (ACDF) at C5 – C7 surgery due to injuries caused by a tortfeasor.

**6.**

Petitioner Bridgette Allen is entitled to an amount in damages reasonably calculated to compensate him for injuries he sustained, including but not limited to;

  a.  Past, present and future loss of consortium;

  b.  Past, present and future mental pain, suffering and anguish;

  c.  Past, present and future physical pain and suffering and loss of function;

  d.  Past, present and future medical expenses;

  e.  Loss of enjoyment of life;

  f.  Past, present and future Loss wages and loss of earning capacity;

  g.  Past, present and future Loss of good credit standing as a result of unpaid medical expenses and other expenses arising from the underlying accident,

  h.  Any and all other damages cognizable by the Constitution of the State of Texas and the United States Constitution.

**7.**

**WHEREFORE,** Petitioners, Bridgette Allen prays that Defendant, Lowe's Companies, Inc. be duly cited and served with a copy of this Complaint for Damages, made to appear and answer same, and that after all legal delays and due proceedings had, there be judgment herein in favor of your Petitioner, Bridgette Allen and against Defendant, Lowe's Companies, Inc. for damages in a reasonable amount together with pre-judgment legal interest thereon from the date of filing of this premises liability claim, for all costs of these proceedings, including expert witness fees and reasonable attorney's fees and for all general and equitable relief.

Respectfully submitted,

**DENNIS SPURLING** PLLC
**ATTORNEY AT LAW AND FRIENDS**

*/s/ Dennis D. Spurling*

DENNIS D. SPURLING Bar No: 24053909
J.P. Morgan Chase Building
3003 South Loop West, Suite 400
Houston, Texas 77054
Tel. (713) 229-0770
Fax. (713) 229-8444
ddspurling@dennisspurling.com

**PLEASE SERVE:**

Lowe's Companies, Inc.
*Thru It's Registered Agent For Service Of Process:*
Corporation Service Company
d/b/a Csc – Lawyers Incorporating Service Company,
211 East 7th Street Suite 620
Austin, Texas 78701.